UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DON W. MATHESON ) | |
| ) | |
| v. ) | NO. 2:05-CV-70 |
| ) | |
| ROGER GENTRY, Sheriff of Johnson ) | |
| County; KATHY TERRILL, Chief ) | |
| Jailer; AMANDA COLEMAN, LPN; ) | |
| BARBARA HATHAWAY, Nurse ) | |
| Practitioner; ED VANOVER, Sgt.; ) | |
| DIANE CANNON, Sgt.; L. WALKER, ) | |
| Officer; KAREN ICENHOUR, Officer; ) | |
| GLENN ARNEY, Officer; ROBIN ) | |
| BROWN, Officer; PAT WISEMAN, ) | |
| Officer; RANDY MINK, Officer; ) | |
| OFFICER GREENE, MINDY MILLER, ) | |
| Officer; MINDY FORRESTER, Officer; ) | |
| TAMMY RADFORD, Officer; ) | |
| BRANDON MCCOY, Officer; M. ) | |
| COMMER, Officer, BILL TAYLOR, ) | |
| Officer; and OFFICER HAMPTON ) | |

## MEMORANDUM and ORDER

*Pro se* prisoner Don W. Matheson brings this civil rights complaint for injunctive relief under 42 U.S.C. § 1983, against twenty defendants, all of whom are officials, officers or medical care providers at the Johnson County Jail in Mountain City, Tennessee, wherein the plaintiff is confined.

In his complaint, as liberally construed, the plaintiff alleges two general categories of claims. The first category is comprised of medical claims. More

specifically, the plaintiff maintains that he is under the care of his physician, Dr. E. Perez, and an orthopaedic specialist, Dr. Marc Aiken of the Watauga Orthopaedics; that he did not receive all medications prescribed to treat an open wound on his right thigh (caused from having hip surgery); that, subsequently, the wound became infected; that he was not given antibiotics for the infection and that this has resulted in the formation of a permanent scar, which is more disfiguring than it otherwise would have been; that he was not given medications ordered to treat his chronic pain from pre-existing spinal injuries and vertebral fractures; and, finally, that when medications are administered, they are not dispensed on time.

In his second category of claims, he charges that some of the defendants are derelict in their duties to maintain the institutional grievance system; that, because of this, the grievance process does not function as it should; and that inmates are not given information about the jail's medication distribution policies and procedures.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). The Sixth Circuit has held that a complaint must be dismissed

2

*sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).[1] A district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

The plaintiff asserts, in paragraph II of his complaint, that the Johnson County Jail has a grievance procedure and that he has presented the facts relating to his complaint through the institutional grievance system. A separate sheet of paper contains a list of the specific steps he has taken to exhaust his administrative remedies. The Court finds that, based on his "particularized averments," the plaintiff has exhausted his administrative remedies as to his claims.

Even though he administratively exhausted his second category of claims (i.e., that the facility's grievance system is not being handled in accordance with its own policies and procedures and that he was not supplied with a copy of those policies and procedures, as mandated by state law and the state jail certification board), he cannot obtain relief on those claims. This is so because there is no constitutional right to grievance procedure and a state's (or a local jail's) creation of such a procedure does not create a federal constitutional right to one. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rich*, 40 F.3d 72,

---

[1] A prisoner who makes detailed averments as to every claim raised in his complaint, specifically describing: 1) the grievance proceedings in which he presented to jail authorities the facts underlying his § 1983 claims and 2) the outcome of those proceedings, exhausts his administrative remedies. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996-97 (6th Cir. 2004). This is so, regardless of whether he receives a response to his grievance. *Id.*

75 (4th Cir. 1994) *cert. denied*, 514 U. S. 1022 (1995). Nor does it violate the plaintiff's constitutional rights when a jail fails to follow its own policies or those of a state board which certifies that a jail is operating in accordance with state requirements. *Davis v. Fentress County Tennessee*, 6 Fed.Appx. 243, at *250, 2001 WL 223625, at *5 (6th Cir.Mar. 2, 2001) (officer's failure to ensure that jail operated in compliance with state's minimum standards did not amount to constitutional violation); *Harrill v. Blount County, Tenn.*, 55 F.3d 1123, 1125 (6th Cir.1995) ("A state statute cannot 'create' a federal constitutional right."). Thus, the plaintiff's allegations with regard to inadequacies in the jail's grievance system do not state a § 1983 claim. Since these types of claims are the only ones asserted against Karen Icenhour, Glenn Arney, Officer Hampton, Bill Taylor, M. Comer, Brandon McCoy, Officer Greene, Mindy Miller, Mindy Forrester, Pat Wiseman, Tammy Radford, these officer defendants are dismissed from this case.

There are other defendants who also must be dismissed. The plaintiff alleges that Sheriff Roger Gentry, as the ultimate supervisor of Johnson County Jail; Kathy Terrill, as the Chief Jailer; and Sgt. Vanover, Sgt. Cannon, and Officer Walker, as shift supervisors have failed to see that inmates are given reasonable health care. However, liability of officials under § 1983 must be based on their own unconstitutional behavior—not merely the right to control the actions of employees or the failure to act. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1990). Clearly, the plaintiff is seeking to impose supervisory liability on these defendants, but section 1983 liability must be based on more than respondeat

superior, or a defendant's right to control employees. *See Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir.1995), *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982). Therefore, the plaintiff fails to state a claim against these defendants as well.[2] He has made are no allegations whatsoever against officers Robin Brown and Randy Mink, and they, too, are dismissed as defendants.

However, his allegations that he was denied prescribed medications and medical care for an infected wound by defendant nurses, Barbara Hathaway, N.P., and Amanda Coleman, L.P.N., state colorable constitutional claims. Accordingly, the Clerk is **DIRECTED** to send the plaintiff two service packets. (Each packet contains a blank summons and USM 285 form.) The plaintiff is **ORDERED** to complete the service packets as to these defendants and to return the packets to the Clerk's office within twenty (20) days of the date of receipt of this Order. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendants. Fed. R. Civ. P. 4. The defendants are **ORDERED** to respond to the complaint within twenty (20) days of receipt of service.

---

[2] He further alleges that, with the exception of the Sheriff, these particular defendants also mishandled the jail's grievance system. Because mismanaging a grievance system does not violate the Constitution, this would provide an additional basis for dismissing these defendants.

The plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

ENTER:

      s/Thomas Gray Hull
     THOMAS GRAY HULL
       SENIOR U. S. DISTRICT JUDGE